ELIZABETH RUSSELL, RESPONDENT, *v.* HENRY D. MINER AND ROBERT SOMERVILLE, APPELLANTS.

*Auctioneers' compensation of two and a-half per cent — what services are comprehended in — disbursements are not.*

APPEAL from a judgment entered on a verdict, and from an order denying a motion for a new trial, made on the minutes of the court before which the action was tried.

This action was brought against the appellants, who are copartners doing business in the city of New York as auctioneers, to recover alleged excessive charges made upon personal property sold by them as such auctioneers, and also the penalty given by statute.

Section 23, title 1, chapter 17, part 1 of the Revised Statutes, enacts that "no auctioneer shall demand or receive a higher compensation for his services than a commission of two and one-half per cent on the amount of any sales, public or private, made by him, unless by virtue of a previous agreement, in writing, between him and the owner or consignee of the goods or effects sold." And section 24 enacts that "every auctioneer, who shall violate the provisions of the last section, shall forfeit the sum of two hundred and fifty dollars to every person from whom he shall demand or receive an unlawful compensation or commission, and shall also be liable to refund the moneys so illegally received."

The proceeds of the sales made by the appellants were $701,35. The commissions and charges deducted by them were seventy dollars and thirteen cents, in addition to the government taxes, seven dollars and one cent, and cartage of the property, fifty dollars.

The court at General Term said: "It is apparent from the charge of the judge, that the defendants were held to a very strict construction of the statute, and so strict as to exclude actual and necessary

expenses incurred by them in the selling of the goods. The language of the statute is, " no auctioneer shall demand or receive, *for his services,* a higher compensation than a commission of two and one-half per cent." What is meant by the word " services " has been the subject of judicial determination. It was said by BARBOUR, J., in *Leeds* v. *Bowen* (2 Abb. Pr. [N. S.], 43), " the services mentioned in the act are not merely offering the goods for sale and striking them off. Indeed the auctioneer need not sell at auction at all; but may dispose of them at private sale. (Sec. 36.) In addition to selling the goods, it is also under the statute, the duty of the auctioneer, as such, to advertise the proposed sale in a newspaper. (Sec. 34.) And in case the purchase-money shall not be paid immediately, he must also enter the sale with all necessary details in a book to be kept by him for that purpose (sec. 39); and he is also required to have a store or auction-house for his business. (Sec. 30.) But aside from the statute, an auctioneer, like any factor, is bound by his undertaking to sell goods, to take all such proper and incidental steps to insure a successful sale as is customary and necessary. If in performing those duties any expenses are incurred, such expenses will be properly chargeable against the owner, but the auctioneer is entitled to no *compensation for his services* in the matter of the sale or its incidents, except the two and one-half per cent fixed by the statute."

This is a clear and correct exposition of the statute, and is preferable, we think, to that given by CARDOZO, J., in *Russell* v. *Miner* (61 Barb., 534). In applying this rule to the case, the court below seems to have gone so far as to hold that the actual and necessary expenses attendant upon such a sale were to be embraced within the commission of two and one-half per cent. But the language of the statute is, " compensation for his services." While this covers, as we think, every kind of service that may be rendered by the auctioneer in taking the property into his possession and taking care of it while the sale is under advertisement, preparing the necessary catalogues or schedules and labeling or numbering the articles, and entering them and the sales in his books, yet it was not intended to cover expenses actually and necessarily incurred and paid by him, as for instance, the expense of advertising in public newspapers in compliance with his duty under the statute. A computation shows

that the jury allowed to the defendant for their services as auctioneers two and one-half per cent on the gross amount of the sales, together with the government tax, but nothing whatever for actual disbursements paid out for advertising the sale in several newspapers specified by the defendant. The evidence was to the effect that about twenty-five dollars was paid for such advertising, which sum was included in the charge of seventy dollars and thirteen cents. We think it very clear that the defendants were not obliged to pay for this advertising out of their commission, but under the charge the jury could not well do otherwise than disallow it.

On our examination of the whole case we are unable to see any errror except in the non-allowance of the expenses paid for advertising. But for that error there must be a new trial unless the plaintiff stipulates to deduct the sum of twenty-five dollars, with interest, from March 14, 1867, to the date of the verdict, in which case the judgment, as so reduced, should be affirmed, without costs to either party."

*G. S. Van Pelt* and *A. S. Cushman*, for the appellants.

*B. C. Thayer* and *Alfred Taylor*, for the respondent.

Opinion by DAVIS, P. J.; BRADY, J., concurred; DANIELS, J., concurred in result.

Judgment reversed; new trial ordered, unless plaintiff stipulates to deduct twenty-five dollars, with interest, in which case judgment affirmed, without costs.